United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30073

NICOLE DUFRESNE,

Plaintiff-Appellee,

versus

J.D. FIELDS & COMPANY, INC.,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No.: 99-CV-3714-D
--------------------

Before GARWOOD, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Nicole Dufresne brought claims of sexual harassment against her employer, J.D. Fields & Co., Inc., claiming hostile work environment and retaliation arising from her rejection of a romantic overture by her supervisor. A jury awarded Dufresne $62,500 in compensatory damages. At the close of trial, Fields moved for a judgment as a matter of law, which was denied along with Fields's motion for a new trial or remittitur. Subsequently, a bench trial was held on the issue of back pay, and the court awarded $20,330. The court also awarded $36,142.50 in attorney's fees. An additional $1,260 in attorney's fees was added after

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fields unsuccessfully moved for a new trial based on new evidence. Fields timely appealed to this Court, challenging the denial of the various motions as well as the award of back pay.

After considering the record, the briefs, and the oral arguments, we are persuaded that the judgment of the district court is not in error with one exception. We find no error in the district court's denial of the defendant's motions for judgment as a matter of law, a new trial, and remittitur, and no error in the award of back pay, and consequently we affirm the jury's findings and the court's award for back pay. However, the award of compensatory damages was in excess of the statutory cap provided in 42 U.S.C. § 1981a(B)(3)(A), which provides, under the circumstances of this case, that compensatory damages shall not exceed $50,000. Accordingly we remand for entry of judgment consistent with this statutory provision. Thus the judgment is

AFFIRMED in part, REVERSED in part, and REMANDED for entry of judgment.